UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SEBASTIAN INFANTE CASTANEDA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY
IMMIGRATION PROCESS CENTER,

Respondent.

Case No. 1:26-cv-06067-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 1

Petitioner is a citizen of Columbia who entered the United States near Lukeville Arizona on January 24, 2026.  ECF No. 6-1 at 3.  Upon entry, Petitioner was detained by U.S. Customs and Border Patrol.  *Id*.  After claiming fear of returning to Columbia, he was released on parole and referred to an asylum officer.  *Id*.  Neither party has indicated whether Petitioner's parole was "conditional parole" pursuant to 8 U.S.C. § 1226(a)(2), or "humanitarian parole" pursuant to 8 U.S.C. § 1182.  Following his release, Petitioner applied for asylum.  ECF No. 1 at 12.  His application for asylum and removal proceedings remain pending.

Proceeding pro se, Petitioner filed the instant petition arguing that his continued detention "without receiving an individualized custody hearing before a neutral decision-maker to determine whether [his] continued detention is necessary" violates his due process rights.  *Id*. at 12–13.  As relief, he "requests only the opportunity to appear before an Immigration Judge to present evidence[.]"  *Id*. at 13.  Respondents are currently denying this relief as they maintain Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(1).  ECF No. 6 at 1–2.  However, they note in their response to the petition that "this case is in the category of immigration habeas cases for which the Court has typically ordered a bond hearing on due process grounds, as Petitioner has a recent criminal conviction for a DUI."  *Id*. at 2.

The Court agrees with the latter statement.  Given that Petitioner was released into the interior of the United States, he has a protected liberty interest in his continued freedom.  *See Enriquez Escarcega v. Warden of the Golden State Annex Facility*, No. 1:26-CV-01012-DAD-SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026) (noting that the court "need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme"); *Cajina v. Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) (same).  Respondents have not provided Petitioner with an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, to justify revoking his prior release.  Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.  *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094, 1103 (E.D. Cal. 2026) (finding protected liberty interest and ordering relief where petitioner was previously released on parole under § 1182(d)(5)(A)).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED.  Respondents are ORDERED to provide Petitioner a hearing within fourteen days where an Immigration Judge shall assess whether his continued detention is justified.  The hearing may be moved to a later date upon Petitioner's request.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 11, 2026

Noël Wise
United States District Judge

United States District Court
Eastern District of California

2